STATE, Respondent, v. ROGERS, Appellant.

(212 N. W. 864.)

(File No. 6207, Opinion filed April 1, 1927.)

1. **Criminal Law—Jury—Weight of Testimony is for Jury.**
   Weight of testimony is peculiarly within province of jury.

2. **Criminal Law—Credibility of Witnesses is for Jury.**
   Credibility of witnesses is peculiarly within province of jury.

---

Note.—See, Headnote (1.), American Key-Numbered Digest, Criminal law, Key-No. 741(1), 16 C. J. Sec. 2290; (2) Criminal law, Key-No. 742(1), 16 C. J. Sec. 2291.

Appeal from Municipal Court of Sioux Falls; Hon. RANSOM L. GIBBS, Judge.

Richard Rogers was convicted of assault, and he appeals. Affirmed.

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, P. J. Defendant was tried in the municipal court of the city of Sioux Falls for the crime of assault. He was

found guilty by a jury, and upon such verdict judgment was duly entered that he pay a fine of $100, from which judgment, and from the order denying his motion for new trial, defendant appeals.

[1, 2] Appellant's sole contention in this court is that the evidence was insufficient to support the verdict.

The stories of the various witnesses were considerably in conflict. We have examined the record with care, and think no useful purpose would be served by setting out the testimony. It is sufficient to say that there is in the record testimony introduced by the state which, if believed by the jury, is ample to support the verdict. True, much of this testimony is disputed by defendant and his witnesses. But, the weight of testimony and credibility of the witnesses being peculiarly within the province of the jury, this court will not under such circumstances interfere with the verdict.

The judgment and order appealed from must be, and they are, affirmed.

POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.